UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EMILY FERRAUTO,<br><br>　　　　　　Plaintiff,<br><br>- against –<br><br>REINHARD VON HOLLANDER<br>ERIC SZYLUK<br>ASYLUM HILL VENTURES LLC<br>SHC CAPITAL VENTURES, LLC<br>C NOTE, LLC<br>KINGSHIRE III, LLC<br>KINGSHIRE 2, LLC<br>MAIDEN BUILDERS, LLC<br>MEG REALTY, LLC<br>FP REALTY, LLC<br>RE ASSET MANAGEMENT, LLC<br>NB ASSET MANAGEMENT, LLC<br>ARCH PROPERTIES, LLC<br>MADISON ACQUISITIONS, LLC<br>OAK ASSET MANAGEMENT, LLC<br>TRI-CITY MANAGEMENT, INC.,<br><br>　　　　　　Defendants. | CIVIL ACTION NO. _____<br><br><br><br><br><br>**COMPLAINT**<br><br><br><br>JURY TRIAL DEMANDED<br><br><br>OCTOBER 26, 2010 |

## I. INTRODUCTION

1.   This is an action for (i) money damages; (ii) liquidated damages; (iii) costs; (iv) attorneys' fees; and (v) other relief as a result of Defendant's violation of federal and state laws including, but not limited to, the Defendants' failure to pay overtime compensation due Plaintiff, in violation of the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. §§ 201 *et seq*. This is further an action for (i) violation of the applicable wage and hour laws and regulations set forth in the Connecticut Minimum Wage Act ("**CMWA**"), codified at Conn. Gen. Stat. §§ 31-58 *et seq.*; (ii) breach of contract; and (iii) unjust enrichment. The Plaintiff

1

seeks double her unpaid wages pursuant to both the FLSA and the CMWA and her reasonable attorneys' fees and costs.

## II. THE PARTIES

2. The Plaintiff is Emily Ferrauto, an individual residing in Connecticut. From February 1, 2010 through July 31 2010, Plaintiff worked as an administrative assistant and rental agent for the Defendants (as defined below). At all times relevant to this Complaint, the Plaintiff was an employee of the Defendants as that term is defined by the FLSA, 29 U.S.C. §203(e)(1) and by Connecticut General Statutes §31-58(f) and 31-71a(2).

3. At all times relevant to this Complaint, the Plaintiff was an employee engaged in interstate commerce within the meaning of 29 U.S.C. §206(a) and 207(a)(1).

4. Defendant Reinhard Von Hollander ("**Von Hollander**") is an individual currently residing at 14 Brainard Road, West Hartford, Connecticut.

5. Defendant Eric Szyluk ("**Szyluk**") is an individual currently residing at 38 Cumberland Road, West Hartford, Connecticut.

6. Defendant Asylum Hill Ventures LLC ("**AHV**") is a limited liability company organized under the laws of the State of Connecticut with a principal business address of 63 Huntington Street, Hartford, Connecticut.

7. Defendant SHC Capital Ventures, LLC ("**SHC**") is a limited liability company organized under the laws of the State of Connecticut with a principal business address of 63 Huntington Street, Hartford, Connecticut.

8. Defendant C Note, LLC ("**CNOTE**") is a limited liability company organized under the laws of the State of Connecticut with a principal business address of 14 Brainard Road, West Hartford, CT.

9. Kingshire III, LLC ("**KLLC**") is a limited liability company organized under the laws of the State of Connecticut with a principal business address of 63 Huntington Street, Hartford, Connecticut.

10. Kingshire 2, LLC ("**K2LLC**") is a limited liability company organized under the laws of the State of Connecticut with a principal business address of 63 Huntington Street, Hartford, Connecticut.

11. Maiden Builders, LLC ("**Maiden**") is a limited liability company organized under the laws of the State of Connecticut with a principal business address of 63 Huntington Street, Hartford, Connecticut.

12. Meg Realty, LLC ("**Meg**") is a limited liability company organized under the laws of the Commonwealth of Massachusetts with a principal business address of 444A North Main Street, East Longmeadow, Massachusetts.

13. FP Realty, LLC ("**FP**") is a limited liability company organized under the laws of the Commonwealth of Massachusetts with a principal business address of 86B Center Street, Chicopee, Massachusetts.

14. Defendant RE Asset Management, LLC ("**RE Asset**") is a limited liability company organized and existing under the laws of the State of Connecticut with a principal business address of 63 Huntington Street, Hartford, Connecticut.

15. Defendant NB Asset Management, LLC ("**NB Asset**") is a limited liability company organized and existing under the laws of the State of Connecticut with a principal business address of 63 Huntington Street, Hartford, Connecticut.

16. Defendant Arch Properties, LLC ("**Arch Properties**") is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts with a principal business address of 86B Center Street, Chicopee, Massachusetts.

17. Defendant Madison Acquisitions, LLC ("**Madison Acquisitions**") is a limited liability company organized and existing under the laws of the State of Connecticut with a principal business address of 63 Huntington Street, Hartford, Connecticut.

18. Defendant Oak Asset Management, LLC ("**Oak Asset**") is a limited liability company organized and existing under the laws of the State of Connecticut with a principal business address of 63 Huntington Street, Hartford, Connecticut.

19. Defendant Tri-City Management, Inc. ("**Tri City**" and together with Von Hollander, Szyluk, AHV, SHC, CNOTE, KLLC, K2LLC, MAIDEN, MEG, FP, NB Asset, RE Asset, Arch Properties, Madison Acquisitions and Oak Asset, collectively, the "**Defendants**") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal business address of 8B Center Street Chicopee, Massachusetts.

20. At all times relevant to this action, each Defendant was an employer, as that term is defined by FLSA, 29 U.S.C. §203(d) and by Connecticut General Statutes §31-58(e) and 31-71a(1).

### III. JURISDICTION AND VENUE

21. The United States District Court for the District of Connecticut has federal subject matter jurisdiction over this case under the provisions of 28 U.S.C. § 1331 because it asserts claims arising under Federal law. Supplemental jurisdiction over the state law claims set forth herein is predicated on 28 U.S.C. § 1367 as such claims arise out of the same case

and controversy. Venue is proper in this District because a substantial part of the events giving rise to this claim occurred within this judicial district.

## IV. STATEMENT OF FACTS

22. The Defendants are commercial and multifamily residential real estate developers and landlords throughout Connecticut and Massachusetts.

23. On or about February 1, 2010, Defendants and Plaintiff entered into an oral employment contract (the "**Contract**") wherein Defendants engaged Plaintiff as an administrative assistant and rental agent.

24. During the period of Plaintiff's employment by the Defendants, Plaintiff, was improperly designated as an independent contractor and therefore, treated as exempt from the overtime requirements of the FLSA.

25. Plaintiff was promised a weekly stipend of $200 for her performance of administrative work and compensation of $250 for each apartment unit that she rented.

26. Plaintiff never received the promised $200 payment for any week during which she worked, and was paid for only 3 of the 9 apartments that she rented on Defendants' behalf. No taxes were withheld from such amount as is customary when paying an independent contractor.

27. Plaintiff was caused to work hours for which she was not paid, thereby resulting in compensation below the Connecticut and federal minimum wage rates, respectively. Moreover, Defendants made no FICA, Medicare and state unemployment insurance contributions on behalf of the Plaintiff.

28. On numerous occasions, Defendants requested that Plaintiff travel to locations in Massachusetts in connection with their holdings there and refused to compensate her for such travel time and out-of-pocket expenses.

29. Defendants required Plaintiff to obtain a BlackBerry and GPS device for use solely in connection with Defendants' business operations, on the promise that she would be reimbursed for the cost thereof. Plaintiff incurred the cost of the GPS device, the BlackBerry and a two-year phone service contract, but never received reimbursement in any amount from the Defendants.

30. The Defendants' decision to improperly classify Plaintiff as an independent contractor was willful, arbitrary, unreasonable, and in bad faith in that it was made with conscious or reckless disregard of the Plaintiff's rights.

31. Plaintiff was damaged by the Defendants as a result of the aforementioned unlawful practices.

## V.  COUNT ONE:  FLSA MINIMUM WAGE VIOLATIONS

32. Plaintiff incorporates by reference all previous paragraphs as if set forth herein at length.

33. At all times relevant to the complaint, the federal minimum wage was $7.25.

34. The Defendants did not pay the Plaintiff at least $7.25 an hour for each hour of work that she performed during the tenure of her employment, in violation of the minimum wage provisions of the FLSA, 29 U.S.C. §206.

35. The Defendants' failure to pay the federal minimum wage for each hour of the Plaintiff's work was willful, inasmuch as the Defendants were aware of their obligations to pay the Plaintiff consistent with the federal minimum wage and did not do so.

## VI. COUNT TWO: CONNECTICUT MINIMUM WAGE VIOLATIONS

36. Plaintiff incorporates by reference all previous paragraphs as if set forth herein at length.

37. At all times relevant to the complaint, the Connecticut minimum wage was $7.65 an hour.

38. The Defendants did not pay the Plaintiff at least $7.65 an hour for each hour of work she performed during the tenure of her employment, in violation of the Connecticut minimum wage laws, including Conn. Gen. Stat.§ 31-68.

39. The Defendants' failure to pay the Connecticut minimum wage for each hour of the Plaintiff's work was willful, inasmuch as the Defendants were aware of their obligations to pay the Plaintiff consistent with the Connecticut minimum wage and did not do so.

## VII. COUNT THREE: FLSA AND CONNECTICUT OVERTIME VIOLATIONS

40. Plaintiff incorporates by reference all previous paragraphs as if set forth herein at length.

41. Defendants violated 29 U.S.C. § 207 and Connecticut overtime laws, including Conn. Gen. Stat. §31-68 and §31-67(b) through 31-76(c) in failing to pay the Plaintiff overtime compensation at the rate of one and one-half times her regular hourly rate, during the period of Plaintiff's employment.

42. The Defendants' failure to pay overtime wages as required by federal law was willful, inasmuch as the Defendants were aware of their obligations to pay the Plaintiff consistent with the federal minimum wage and did not do so.

43. The Defendants' failure to pay overtime wages as required by Connecticut law was willful, inasmuch as the Defendants were aware of their obligations to pay the Plaintiff consistent with the Connecticut minimum wage and did not do so.

## VIII. COUNT FOUR: CONN. GEN. STAT. § 31-72 CLAIM FOR UNPAID WAGES

44. Plaintiff incorporates by reference all previous paragraphs as if set forth herein at length.

45. The Defendants failed to pay the Plaintiff all of the wages that were owed as required by Conn. Gen. Stat. §31-71b through 31-71e.

46. The Plaintiff brings this action pursuant to Conn. Gen. Stat. §31-72, seeking payment of the wages that she is owed.

47. The Defendants' failure to pay wages as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the Defendants were aware of their obligations to pay the Plaintiff and did not do so

## IX. COUNT FIVE: CONN. GEN. STAT. §31-72 CLAIM FOR UNPAID WAGES

48. Plaintiff incorporates by reference all previous paragraphs as if set forth herein at length.

49. Plaintiff and the Defendants are parties to the Contract.

50. Defendants breached the Contract by failing to pay Plaintiff the Rental Bonus for six (6) of the residential rental units that she rented on their behalf.

51. Defendants' breach was willful.

52. As a result of Defendants' breach, Plaintiff has been deprived of monies owing to her in the amount of $1,500.00 ($250.00 x 6 = $1,500.00) (such amount, the "**Rental Commission Deficiency**").

## X. COUNT SIX: UNJUST ENRICHMENT

53. Plaintiff incorporates by reference all previous paragraphs as if set forth herein at length.

54. As a result of Defendants' failure to pay Plaintiff wages for overtime work performed and for the Rental Commission Deficiency, Defendants obtained a benefit from Plaintiff.

55. Defendants knew and recognized such benefit.

56. As a result, Defendants have been unjustly enriched in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

1. Order that Defendants pay to Plaintiff all wages owed, consistent with the federal and Connecticut minimum wage, overtime, and wage payment laws;

2. Award the Plaintiff liquidated or double damages for all wages owed pursuant to 29 U.S.C. §216(b) and Conn. Gen. Stat. §31-72;

3. Award the Plaintiff all amounts due and owing with respect to the Rental Commission Deficiency and, if applicable, liquidated damages with respect to the same;

4. Award the Plaintiff her reasonable attorneys' fees and costs;

5. Award the Plaintiff prejudgment and post-judgment interest;

6. Award the Plaintiff such other and further legal and equitable relief as the Court deems appropriate.

## REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury as to all claims for which she is entitled.

Dated:   Hartford, Connecticut
         October 26, 2010

                              THE PLAINTIFF

                              By: _____
                              SIGMAN & ROCHLIN, LLC
                              *Attorneys for Plaintiff*
                              100 Pearl Street, 14th Floor
                              Hartford, Connecticut 06103
                              860.357.9158

                              Richard A. Rochlin (ct 22167)
                              rrochlin@sigmanandrochlin.com
                              Richard H. Agins (ct 25552)
                              ragins@sigmanandrochlin.com
                              Jonathan F. Tross (ct 27572)
                              jtross@sigmanandrochlin.com